UNITED STATES *v.* BIXBY.

*(District Court, D. Indiana.  April 4, 1881.)*

1. EMBEZZLEMENT—ASSIGNEE IN BANKRUPTCY—REV. ST. § 5504.

    While an assignee in bankruptcy is an officer of the court, he is not an officer within the purview of section 5504, Rev. St., defining the offence of embezzlement by court officers, and there seems to be no other statute embracing assignees in bankruptcy for the specific offence of embezzlement.

Indictment for embezzlement by assignee in bankruptcy. Motion to quash.

*C. L. Holstein,* U. S. Att'y, and *L. H. Richardson,* Ass't, for the United States.

*Gordon, Lamb & Shepherd,* for defendant.

GRESHAM, D. J.   The defendant is indicted for embezzling funds which came into his hands as assignee of several estates in bankruptcy.   The indictment is based upon section 5504 of the Revised Statutes, which reads as follows:

"Every clerk or other officer of a court of the United States, who fails forthwith to deposit any money belonging in the registry of the court, or thereafter paid into court, or received by the officers thereof, with the treasurer, assistant treasurer, or a designated depositary of the United States, in the name and to the credit of such court, or who retains or converts to his own use, or to the use of another, any such money, is guilty of embezzlement," etc.

It is only such moneys as are required to be deposited with the treasurer, assistant treasurer, or a designated depositary of the United States, in the name and to the credit of the court, that an officer can be guilty of embezzling under this section. An assignee in bankruptcy is an officer of the court, but the funds of the estate which come into his hands are not required to be deposited in any of the places designated in this section, in the name of the court and to its credit.

It is provided in section 5059 of the Revised Statutes that the assignee shall, as soon as may be after receiving any money belonging to the estate, deposit the same in some bank, in his name as assignee, or otherwise keep it distinct from all other money in his possession. The acts charged in the indictment are not covered by section 5504, Rev. St., and there seems to be no other statute making it embezzlement for an assignee in bankruptcy to convert to his own use trust funds which come into his hands. The motion to quash is sustained.